**E-FILED**
Friday, 14 November, 2008  03:39:44 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

SAMMY J. MOORE,                )
                               )
            Petitioner,        )
                               )
      v.                       )        Case No. 08-1151
                               )
DONALD A. HULICK, Warden,      )
Menard Correctional Center,    )
                               )
            Respondent.        )

**ORDER**

On October 30, 2008, this Court entered an Order denying Sammy J. Moore's § 2254 Petition for Writ of Habeas Corpus, finding that his petition was time-barred and that he was not entitled to equitable tolling.  Moore has now filed a Motion for Reconsideration.  For the reasons set forth below, Moore's Motion [#19] is DENIED.

**DISCUSSION**

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit v. CBI Industries,* 90 F.3d 1264, 1269 (7th Cir. 1996).  In his Motion for Reconsideration, Moore states that (1) the Court did not address his argument that the failure to equitably toll the statute of limitations would result in a fundamental miscarriage of justice and (2) asks the Court to reconsider its analysis that Moore is not entitled to equitable tolling.

A court may grant a writ for habeas corpus, even in the absence of a showing of cause for a procedural default, in an extraordinary case, where a constitutional violation

has probably resulted in the conviction of one who is actually innocent. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Moore alleges that he was indicted for armed robbery based solely upon perjured testimony and convicted without any evidence or eyewitness being produced against him. (Mot., 2). Moore made a similar argument in his petition for state postconviction relief, alleging that the evidence at his trial was insufficient to sustain his jury conviction. In that proceeding, the Appellate Court found that there was sufficient evidence to sustain his conviction and that it could not conclude that Moore was not proved guilty beyond a reasonable doubt. (*See* January 14, 2004 Order, 5).

This Court does not find that a "fundamental miscarriage of justice" will occur by upholding the statute of limitations because Moore has failed to prove that his conviction was the result of a constitutional violation. The Court does not find that Moore is entitled to equitable tolling and, therefore, his petition for writ of habeas corpus is time-barred.

## CONCLUSION

For the reasons set forth above, Moore's Motion to Reconsider [#14] is DENIED.


ENTERED this 14th day of November, 2008.


__/sMichael M. Mihm_____
Michael M. Mihm
United States District Judge